# FIRST DISTRICT COURT OF APPEAL
# STATE OF FLORIDA

_____

No. 1D2025-1961
_____

CHARLIE P. WALKER,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

On appeal from the Circuit Court for Leon County.
Stephen Everett, Judge.

July 22, 2026

WINOKUR, J.

In 2024 Charlie P. Walker filed a motion under Florida Rule of Criminal Procedure 3.850 to vacate his sentence as a prison releasee reoffender (PRR) because the facts that qualified him as a PRR were not found by a jury. Although he was sentenced in 2016 for 2014 crimes, Walker contended that he could challenge the sentence in 2024 because the applicable procedural rule permits him to file the claim at any time. The court denied relief, concluding that "any potential error would be harmless beyond a reasonable doubt." We agree and affirm.

In *Maye v. State*, 51 Fla. L. Weekly S116 (Fla. May 14, 2026), our supreme court held that a claim that a sentence violated a defendant's right to a jury (that is, an "*Apprendi*[1] claim") was not a claim of an "illegal sentence" as that term is used in Florida Rule of Criminal Procedure 3.800(a). The court did not, however, address whether an *Apprendi* error "exceeds the limits provided by law," as that term is used in rule 3.850.

Like rule 3.800(a), rule 3.850 permits a defendant seeking certain relief from a sentence to file a claim for such relief "at any time." Fla. R. Crim. P. 3.800(a)(1) (permitting a motion to correct an illegal sentence "at any time"); Fla. R. Crim. P. 3.850(b) (permitting a motion to vacate a sentence that exceeds the limits provided by law "at any time"). But the supreme court's finding in *Maye* that an *Apprendi* error is not an illegal sentence under rule 3.800(a) does not necessarily foreclose a claim that an *Apprendi* error exceeds the limits provided by law under rule 3.850(b).

Rather than address this question, or the related question of whether claims under *Apprendi* differ from claims under *Alleyne* for this purpose, we will simply note that the trial court correctly ruled that any possible error would be harmless. *Hicks v. State*, 422 So. 3d 607 (Fla. 1st DCA 2025); *see also*, *Flournoy v. State*, 415 So. 3d 806 (Fla. 2d DCA 2025); *Tucker v. State*, 51 Fla. L. Weekly D170 (Fla. 3rd DCA Jan. 28, 2026); *Soto v. State*, 51 Fla. L. Weekly D601 (Fla. 4th DCA Mar. 25, 2026); *Ashford v. State*, 407 So. 3d 537 (Fla. 5th DCA 2025); *Zink v. State*, 431 So. 3d 1050 (Fla. 6th

---

[1] *Apprendi v. New Jersey*, 530 U.S. 466 (2000) (holding that, except for the fact of a prior conviction, any fact that increases the sentence for an offense beyond the statutory maximum is an "element" of the offense that must be submitted to a jury and found beyond a reasonable doubt). The rule of *Apprendi* was extended by *Alleyne v. United States*, 570 U.S. 99 (2013), to include any fact that increases the mandatory minimum sentence for an offense. A claim that the PRR statute violates the right to a jury finding of the release date more accurately implicates *Alleyne*, because the PRR statute requires a minimum mandatory sentence, not a sentence beyond the statutory maximum. In this opinion we use the term "*Apprendi* claim" to include a claim under *Alleyne*.

DCA 2026).[2] Each of these cases, which are from all six district courts of appeal, holds that a claim that the jury should have found the release date for purposes of PRR designation is subject to harmless error analysis, without reaching the merits of the claim. Here, the records attached to the order denying relief decisively show that Walker was released from prison four months before he committed armed robbery (a finding to which Walker did not object), well within three years, which qualifies him as a PRR. *See* § 775.082(9)(a)1., Fla. Stat.

AFFIRMED.

ROWE and M.K. THOMAS, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Charlie P. Walker, pro se, Appellant.

James Uthmeier, Attorney General, Tallahassee, for Appellee.

---

[2] Walker argues that *Erlinger v. United States*, 602 U.S. 821 (2024), supports his claim. While it is doubtful that *Erlinger* established any new standards related to the right to a jury finding of facts supporting a sentence, much less any that would be relevant to a claim under Florida law, *see Hicks*, 422 So. 3d at 610–11 (Winokur, J., concurring), we note that our supreme court has ruled that *Erlinger* does not apply retroactively. *Wainwright v. State*, 411 So. 3d 392, 401 (2025).